IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, EASTERN DIVISION

```
MICHAEL ALLEN PETTY,          )
                              )
    Plaintiff,                )
                              )     CIVIL ACTION NO.
    v.                        )       3:21cv464-MHT
                              )       3:21cv511-MHT
JUSTIN STANLEY, et al.,       )       3:21cv522-MHT
                              )       3:21cv552-MHT
    Defendants.               )          (WO)
```

OPINION

Pursuant to 42 U.S.C. § 1983, the plaintiff, an inmate in the Russell County Jail, filed these consolidated lawsuits against multiple officers employed at the jail.  The plaintiff asserts claims that one of the defendant correctional officers denied him a religiously appropriate meal and then subjected him to excessive force, resulting in his back going out and his experiencing significant pain and having to crawl and sleep on the floor over the course of four days, until a nurse finally had him taken to the medical unit.  He further asserts a claim that the defendant correctional officers acted with deliberate

indifference to his serious medical needs by refusing his requests over the course of four days to see a doctor despite his obvious need for such care.  *See* Amended Complaint (Doc. 17).

These lawsuits are now before the court on the recommendation of the United States Magistrate Judge that the defendants' motion to dismiss should be granted based on the plaintiff's failure to exhaust administrative remedies, and that the defendants' motion for summary judgment should be granted on the merits.  There are no objections to the recommendation.

After an independent and de novo review of the record, the court concludes that the magistrate judge's recommendation should be adopted only to the extent that it recommends dismissal based on failure to exhaust administrative remedies, and should be rejected to the extent that it recommends that summary judgment be granted.

The court does not adopt the portion of the recommendations regarding summary judgment because it

is unnecessary to reach the merits. However, the court pauses to express its consternation about certain portions of the recommendation describing and analyzing the facts for purposes of summary judgment.

In deciding a motion for summary judgment, the court's job is not to resolve factual disputes based on the paper record, but to determine whether the evidence creates a "genuine dispute as to any material fact." Fed. R. Civ. P. 56(a). In performing this analysis, the court must view the evidence in the light most favorable to the non-moving party--here, the plaintiff--and draw all reasonable inferences in favor of that party. *See Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The description and analysis of the evidence in the recommendation at times appear to stray from these standards. For example, in analyzing the excessive-force claim, the recommendation seems to take the facts in the light most favorable to the defendants and openly hesitates to accept the plaintiff's version

of the facts. *See* Recommendation (Doc. 71) at 10 ("*Even accepting Petty's version of events* that Officer Stanley punched him in the head, slung him to the bed, handcuffed him and dragged him from the cell, ..." (emphasis added)). More troubling, however, is that in describing the facts and analyzing plaintiff's deliberate-indifference claim, the recommendation fails to mention the facts--drawn from the plaintiff's sworn allegations in his amended complaint--that, on the day after the altercation, his back went out, that over the course of four days, he was forced to crawl and lay on the floor, and that his requests to see a doctor over the course of those four days were repeatedly denied until a nurse spoke to him in his call while handing out medication and another nurse ordered him brought to the medical unit after hearing from the first nurse. *See* Amended Complaint (Doc. 17) at 3, 5-6. The recommendation instead focuses on certain evidence provided by the defendants and reads that evidence in the defendants' favor. *See* Recommendation (Doc. 71) at

4

11-13. Ultimately, the court sees no effort in the recommendation to read the record in the light most favorable to the plaintiff.

By making these observations, the court does not mean to suggest that the plaintiff's claims would have succeeded on the merits. The court does not reach a decision on the merits. As the plaintiff has not shown that he exhausted his administrative remedies in accordance with the process required by the Russell County Jail, his claims fail.

An appropriate judgment will be entered.

DONE, this the 23rd day of September, 2024.

                                                  /s/ Myron H. Thompson
                                    UNITED STATES DISTRICT JUDGE